1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    PHILLIP CARY PAPPAS,

11              Plaintiff,                No. CIV-10-1211 LKK KJM P

12        vs.

13    BLACKWELL, et al.,                  ORDER

14              Defendants.               FINDINGS AND RECOMMENDATIONS

15    _____/

16            Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C.

17    § 1983.  Pursuant to 28 U.S.C. § 1441, all defendants who had been served removed this case

18    from Santa Clara County Superior Court to the U.S. District Court for the Northern District of

19    California.  The Northern District transferred the case to this court on May 17, 2010.

20            The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

24    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25    U.S.C. § 1915A(b)(1), (2).

26    /////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of a claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

1  degree of particularity overt acts in which defendants engaged that, if proven, would support

2  liability for plaintiff's claim.  Id.

3          The court finds that, for limited purposes of screening under 28 U.S.C. § 1915A,

4  the complaint states a claim against defendants Blackwell, Zuniga, Valadez, Clayton, Torres and

5  Soria.  Plaintiff has not met the screening requirements of § 1915A with respect to defendants

6  Eck, Griggs, Holyfield, Jones, Keeley, Kiehlmeier, Lopez, Ruiz, Stubbs, Tews, Vieria, Yehuda

7  and Zander.

8          As to this latter group of defendants, plaintiff's allegations, though lengthy and at

9  times very detailed, do not describe any acts that, if proved, would subject those defendants to

10  liability under 42 U.S.C. § 1983.  There can be no liability under § 1983 unless there is some

11  affirmative link or connection between an individual defendant's actions and the claimed

12  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

13  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Although plaintiff alleges that each

14  of these defendants either was present at the time of an alleged deprivation or knew about it in

15  some way, he does not describe any affirmative steps those defendants took to deprive him of a

16  constitutional right.  The court will recommend, therefore, that defendants Eck, Griggs,

17  Holyfield, Jones, Keeley, Kiehlmeier, Lopez, Ruiz, Stubbs, Tews, Vieria, Yehuda and Zander be

18  dismissed from this action.

19          According to defendants' notice of removal, defendants Blackwell, Zuniga,

20  Torres and Soria were properly served in state court.  It appears, however, that at the time of

21  removal defendants Valadez and Clayton had not been served, nor is there any indication on the

22  court's record that they have been served since removal.  Therefore the court will order plaintiff

23  to complete the attached service documents to effectuate service on defendants Valadez and

24  Clayton.  Defendants Blackwell, Zuniga, Torres and Soria will have thirty days after the entry of

25  this order in which to respond to the complaint.

26  /////

Accordingly, IT IS HEREBY ORDERED that:

1.  Service is appropriate for the following defendants: Valadez and Clayton.

2.  The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed on December 2, 2009.

3.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a.  The completed Notice of Submission of Documents;

   b.  One completed summons;

   c.  One completed USM-285 form for each defendant listed in number 1 above; and

   d.  Three copies of the endorsed complaint filed December 2, 2009.

4.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.  Defendants Blackwell, Zuniga, Torres and Soria have thirty days after the entry of this order in which to respond to the complaint.

IT IS HEREBY RECOMMENDED that defendants Eck, Griggs, Holyfield, Jones, Keeley, Kiehlmeier, Lopez, Ruiz, Stubbs, Tews, Vieria, Yehuda and Zander be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-one days after service of the objections.  The parties are

4

1    advised that failure to file objections within the specified time may waive the right to appeal the

2    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  July 2, 2010.

4

5                                                                          _____

                                                                            U.S. MAGISTRATE JUDGE

6    4
     papp1211.1.new

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26